988 F.2d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Calvin L. MASON, Defendant-Appellant.
 No. 91-30387.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 18, 1993.
 
 Appeal from the United States District Court for the District of Alaska; No. CR-91-0022-HRH, H. Russell Holland, Chief Judge, Presiding.
 D.Alaska
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Calvin L. Mason appeals his jury trial conviction for attempting to evade and defeat taxes in violation of 26 U.S.C. § 7201, aiding and assisting in the preparation and presentation of a false return/document in violation of 26 U.S.C. § 7206(2), and submitting false document to a government agency in violation of 18 U.S.C. § 1001. Mason contends that the district court abused its discretion when it denied Mason's mid-trial motion for a continuance to obtain a handwriting expert. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 * Background
 
 
 4
 Mason's tax convictions arose out of an alleged embezzlement scheme engaged in by Mason during the course of his employment. Mason, an employee/manager for a fuel distributor, apparently defrauded his employer by falsely asserting that he was buying fuel from a special distributor when in fact he was pocketing the money and depleting the employer's existing fuel supplies.
 
 
 5
 Several months prior to trial, the government asked Mason for a letter, purportedly written by the special fuel distributor to Mason's employer, on which it planned to perform a handwriting analysis. This letter stated that the distributor owned the fuel that he was selling to Mason. Mason complied with the government's request on the condition that he be informed of any test results implicating him. After conducting its handwriting analysis, the government informed Mason that it had determined that the letter was forged. The government told Mason, however, that it could not determine whether Mason had committed the forgery. The government then requested, on two separate occasions, that Mason send it additional handwriting samples for further testing. The latter of these samples were faxed by Mason and received by the government three days prior to the start of Mason's jury trial. Based on the facsimiles, the government still could make no determination as to whether Mason had forged the document. On the even of the first day of trial, the government's expert witness examined the originals of the samples, and determined that Mason was responsible for the forgery. At the beginning of the second day of trial, the government notified Mason that, based on these samples, it had made a conclusive determination that Mason was responsible for the forgery. Mason sought a continuance, arguing that the government violated its agreement with Mason by failing to timely notify him of the expert's findings. Mason also asserted that he needed additional time to obtain his own handwriting expert.
 
 II
 Merits
 
 6
 "We review a district court's decision denying a requested continuance for an abuse of discretion." United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir.1989). "We do not find a clear abuse of discretion unless, after carefully evaluating all the relevant factors, we conclude that the denial was arbitrary or unreasonable." United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir.), modified on other grounds, 764 F.2d 675 (9th Cir.1985). The relevant factors are: (1) the extent of the defendant's diligence in readying the defense; (2) the likelihood the continuance would have satisfied the defendant's need; (3) the inconvenience to the court, opposing party and witnesses; and (4) the extent to which the defendant may have been harmed. Id. at 1359. Finally, the defendant must demonstrate actual prejudice as a result of the denial. Shirley, 884 F.2d at 1134.
 
 
 7
 Here, Mason has not sufficiently demonstrated that the district court's denial of his request for a continuance resulted in actual prejudice to his defense. See id. The evidence in the district court record overwhelmingly implicates Mason in the embezzlement scheme. Thus, even had Mason obtained a handwriting expert to testify that he was not responsible for the forgery, we conclude that the jury would not have returned a different verdict.
 
 
 8
 First, the record indicates, and Mason does not dispute that he was the only person who knew of the need for the forged letter, or who stood to benefit from it. Additionally, the record reveals that when asked by his employer to provide the fuel distributor's name and address for tax reporting purposes, Mason invented, on three separate occasions, a fictitious name, address and social security number. The government also submitted evidence of another forged document, purportedly written by the fuel distributor, which authorized Mason to cash the fuel distributor's payment checks. Although the government could not identify Mason as being responsible for this second forgery, the government's expert testified that he had found 18 of Mason's fingerprints on the document, particularly around the signature, but could find no fingerprints that could be attributed to the fuel distributor.
 
 
 9
 At trial, Mason also alleged that the numerous deposits into his bank accounts, which corresponded with the embezzled amounts, were loan repayments. The alleged borrowers of these amounts, however, testified that they had either never made such repayments, or that the dates or amounts were factually impossible. Mason's employers also testified that when they examined the backs of the checks allegedly deposited by the fuel distributor as payment for the fuel, they noticed that the fuel distributor's name sometimes appeared to be written in Mason's handwritten, and at other times, with Mason's signature directly beneath the endorsement signature. Testimony was also presented to show that Mason had apparently admitted the embezzlement scheme to his employer and had signed over a number of his assets to his employer's estate as compensation.
 
 
 10
 Because the evidence in the district court overwhelmingly implicated him, Mason has not demonstrated that the district court's denial of his request for a continuance resulted in actual prejudice to his defense. See Shirley, 884 F.2d at 1134. Accordingly, if there was any error on the part of the district court in denying the continuance, it was harmless. See id.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3